UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM CONEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICER MICHAEL LOZO, OFFICER A. MARISCAL, JOSEPH LOMBARDO; CLARK COUNTY COUNCIL,<br><br>　　　　Defendants. | Case No. 2:23-cv-01645-CDS-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION<br>RE: ECF No. 1-1** |

　　　　This matter is before the Court for the screening of Plaintiff's Complaint. ECF No. 1-1. Plaintiff was granted *in forma pauperis* status on November 8, 2023. ECF No. 8.

**I.　Screening the Complaint**

　　　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) "the violation of a right secured by the Constitution or laws of the United States," and (2) "that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

　　　　Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, "a finding

of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25-26, 33 (1992).

**II.     Discussion**

    A.     Plaintiff's Complaint

Plaintiff's Complaint alleges that on July 15, 2022, a Las Vegas Metropolitan Police Department ("LVMPD") officer identified as "A. Mariscal", handcuffed Plaintiff and laid him face-down on the hot sidewalk. ECF No. 1-1 at 3. Then, according to Plaintiff, at least 20 LVMPD officers proceeded to beat him while hundreds of people cheered them on yelling racial slurs. *Id*. Thereafter, Plaintiff was allegedly loaded into a police cruiser, taken back out, and supposedly beaten again. *Id*. After the second beating, the LVMPD officers allegedly loaded Plaintiff into a police vehicle and "[h]og]-[t]ied" him by cuffing his leg to his wrist from behind. *Id*.

On July 23, 2022, once incarcerated, Plaintiff alleges he approached a nurse to request medical care that was denied "at the behest of LVMPD." *Id*. at 4. Plaintiff says LVMPD and an unnamed Assistant District Attorney retaliated against him for seeking medical care by filing a "resisting" arrest charge prompted by false police reports, leading to his arrest and booking in city and county jails for the same charge. *Id*. Plaintiff contends he was found not guilty of the resisting charge, but was re-arrested numerous times afterward on the same charge before it was ultimately dismissed for good. *Id*.

Plaintiff submits the July 15, 2022 incident demonstrates that LVMPD, the Clark County Council, and then-Sheriff Joe Lombardo have fostered a police force that endangers public safety because it promotes racism and disregards equal protection under the law. *Id*. at 5. Plaintiff argues the Clark County Council, then-Sheriff Joe Lombardo, and "their cohorts" engaged in a "cover-up" to ensure that then-Sheriff Lombardo would win the gubernatorial race. *Id*.

Plaintiff states his claims include First Amendment freedom of speech and retaliatory arrest violations; Fourth Amendment excessive force, false arrest, and false reporting violations; Eighth Amendment excessive force violations; Fourteenth Amendment excessive force, due process, and double jeopardy violations; Fourteenth Amendment equal protection under law violations; and

malicious prosecution. *Id.* at 2-6. Plaintiff seeks compensatory damages of $500,000 to $1,000,000 from each Defendant; "psychological, emotional trauma recompense" of $100,000 to $200,000 from each Defendant; and punitive damages to be awarded by a jury at trial. *Id.* at 6.

B. <u>Official Capacity Claims Fail as a Matter of Law</u>

Plaintiff does not indicate whether he sues Defendants in their personal or official capacities. However, to the extent Plaintiff seeks damages against any defendant in his/her official capacity, the claim is barred by the Eleventh Amendment to the U.S. Constitution. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Thus, to the extent any of Plaintiff's claims seek money damages against Defendants in their official capacities, these claims fail as a matter of law and are recommended for dismissal with prejudice.

C. <u>First Amendment</u>

Plaintiff asserts LVMPD officers violated his First Amendment rights when they arrested him. ECF No. 1-1 at 3. The First Amendment to the United States Constitution states: "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. amend. I. To state a claim for violation of his First Amendment rights, Plaintiff "must establish that his speech was restricted or his ability to petition the government for redress was impeded, and to state a claim for retaliation of First Amendment activity, [Plaintiff] must allege his speech was chilled or deterred." *Mongeon v. City of Portland*, Case No. 3:13-CV-2013-ST, 2015 WL 5129561, at *8 (D. Or. July 2, 2015), *report and recommendation adopted as modified*, Case No. 3:13-CV-2013-ST, 2015 WL 5130254 (D. Or. Sept. 1, 2015). Plaintiff does not allege any facts demonstrating restriction of his speech or his ability to petition the government for redress was impeded. Plaintiff also does not allege his speech was chilled or deterred. Thus, even liberally construing Plaintiff's Complaint, he does not assert facts that support a colorable general First Amendment claim. The Court dismisses Plaintiff's First Amendment Freedom of Speech claims without prejudice, but with leave to amend.

To the extent that Plaintiff attempts to allege he suffered a First Amendment retaliatory arrest, he must "plead and prove the absence of probable cause." *Capp v. Cnty. of San Diego*, 940 F.3d

4

1046, 1056 (9th Cir. 2019) (citing *Nieves v. Bartlett*, — U.S. —, 139 S. Ct. 1715, 1723 (2019)). In "retaliatory arrest cases, [there is] a tenuous causal connection between the defendant's alleged animus and the plaintiff's injury." *Nieves*, 129 S. Ct. at 1723 (quoting *Reichle v. Howards*, 566 U.S. 658, 668 (2012)). "Protected speech is often a wholly legitimate consideration for officers when deciding whether to make an arrest, given that a suspect's speech may convey vital information like whether the suspect is willing to cooperate." *Capp*, 940 F.3d at 1056 (internal quotations and citations omitted). "If the plaintiff demonstrates that the arresting officer lacked probable cause, that showing bridges the causal gap by reinforcing the retaliation evidence and showing that retaliation was the but-for basis of the official's action." *Id.* (internal quotations omitted). In retaliatory arrest cases, the "no-probable cause requirement" does "not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* (Internal citations and quotations omitted.) "A plaintiff who shows differential treatment addresses the causal concern by helping to establish that non-retaliatory grounds were in fact insufficient to provoke the adverse consequences." *Id.* (Internal citations and quotations omitted.)

Here, Plaintiff does not allege that his arrest was made without probable cause. Plaintiff also fails to allege any facts from which the Court could infer such allegations. In addition, Plaintiff does not allege that he was arrested while other similarly situated individuals were not arrested. Based on Plaintiff's failure to allege facts that support a colorable First Amendment retaliatory arrest claim, the Court dismisses this claim without prejudice, but with leave to amend.

   D.  <u>Fourth Amendment</u>

     i.  *Excessive Force*

Plaintiff asserts that LVMPD officers violated his Fourth, Eighth, and Fourteenth Amendment rights when they used excessive force during his arrest. ECF No. 1-1 at 3. Courts analyze such claims "under the Fourth Amendment to the United States Constitution," not the Eighth or Fourteenth Amendments. *Neal-Lomax v. Las Vegas Metropolitan Police Dept.*, 574 F.Supp.2d 1170, 1184 (D. Nev. 2008), *citing Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) (regarding Eighth Amendment); *Reed v. Hoy*,

909 F.2d 324, 327 (9th Cir. 1990) (regarding Fourteenth Amendment). The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. CONST. amend. IV. The "reasonableness" of a particular seizure, including an arrest of a person, "depends not only on when it is made, but also on how it is carried out." *Graham*, 490 U.S. at 395 (internal citations omitted). The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id.* at 397 (citing *Scott v. United States*, 436 U.S. 128, 137–139 (1978); *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).

"In determining the reasonableness of a seizure effected by non-deadly force, [a court must] balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force by examining three primary factors: (1) "whether the suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011) (quoting *Graham*, 490 U.S. at 396). The "most important" factor in assessing the reasonableness of a seizure is whether the individual posed an "immediate threat to the safety of the officers or others." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (internal citation and quotation marks omitted). These factors are also not exclusive. Courts "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case." *Id.* (internal citation and quotation marks omitted). Regarding a hog-tie restraint, such force is reasonable and therefore not excessive "when a violent individual has resisted less severe restraint techniques." *Price v. Cnty. of San Diego*, 990 F. Supp. 1230, 1238 (S.D. Cal. 1998) (citing *Mayard v. Hopwood*, 105 F.3d 1226, 1227–28 (8th Cir. 1997)).

Plaintiff alleges he was laid face-down on hot pavement and then beaten by at least 20 LVMPD officers before being "hog-tied." ECF No. 1-1 at 3. As alleged, there is no indication that Plaintiff committed any crime leading up to his arrest, was resisting arrest, attempting to evade his arrest, or posed any immediate threat to the safety of the public or the police officers at the time of his arrest. There is also no mention that Plaintiff "resisted less severe restraint techniques."

Despite the above, Plaintiff's allegations are so wholly incredible that the Court exercises its inherent authority to *sua sponte* find Plaintiff's claims "transparently defective." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Plaintiff's contention that hundreds of people watched his arrest, cheered as they watched, and yelled racial slurs in the course of cheering is just too fantastic to suggest it is a reflection of reality. Likewise, the notion that numerous officers would remove Plaintiff from a police vehicle after an arrest only to beat him again is simply not credible. The Court finds Plaintiff presents a delusional factual scenario. *Neitzke*, 490 U.S. at 327-28. Based on the foregoing, the Court finds Plaintiff's Fourth Amendment excessive force claims are properly dismissed without prejudice, but with leave to amend.

### ii. False Arrest

Plaintiff claims that LVMPD officers violated his right to be free from false arrest. A false arrest claim is "cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Hart v. Las Vegas Metro Police*, Case No. 2:21-CV-01247-APG-DJA, 2021 WL 12142902, at *2 (D. Nev. Dec. 13, 2021) (internal quotation marks omitted). "Probable cause exists if, at the time of the arrest, under the totality of circumstances known to the arresting officers (or within the knowledge of other officers at the scene), a prudent person would believe that the suspect had committed a crime." *Id.* (Internal quotation marks omitted.) Plaintiff fails to identify any facts relating to why he was originally arrested; although, Plaintiff contends he was repeatedly arrested for resisting arrest. The facts that would allow the Court to assess whether Plaintiff facially establishes a lack of probable cause are missing. In sum, Plaintiff does not provide any "supporting allegations demonstrating Defendants' actions were without justification." *Sagherian v. City of Henderson*, Case No. 2:23-CV-00497-GMN-DJA, 2024 WL 81402, at *4 (D. Nev. Jan. 5, 2024). Though Plaintiff's Complaint is liberally construed, the Court "may not supply essential elements of the claim that were not initially pled." *Mongeon*, 2015 WL 5129561 at *8 (citing *Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

The Court finds Plaintiff's scant factual allegations regarding false arrest are insufficient to support such a claim. The Court therefore orders this claim dismissed without prejudice but with leave to amend.

        *iii.*      *False Reporting*

Plaintiff claims LVMPD officers and LVMPD as a whole filed false reports. To adequately allege a false reporting claim, Plaintiff must allege that a false report was filed and it "led to the violation of any of his constitutional rights." *Fisher v. Smith*, Case No. CV 0708109-MMM (RCX), 2008 WL 11409586, at *4 (C.D. Cal. Mar. 24, 2008). Plaintiff's Complaint fails to allege any details regarding how LVMPD falsified reports. Instead, Plaintiff asserts bare accusations that fail to identify any deprivation of his constitutional rights. The Court finds Plaintiff fails to allege adequate information to proceed on his false reporting claim against either LMVPD officers or LVMPD as a whole.

The Court also notes that to the extent Plaintiff alleges a claim against LVMPD, his claim fails. To state a claim against LVMPD as a police department, Plaintiff must allege his constitutional rights were violated based on conduct conforming to an unconstitutional official policy, custom, or practice. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); *Shah v. Cnty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986). As explained by the Ninth Circuit, a litigant may recover from a municipality under § 1983 on one of three theories of municipal liability. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Id.* (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

Plaintiff's Complaint alleges no facts demonstrating implementation of an official policy or established customs that inflicts a constitutional injury. Plaintiff also fails to allege any facts demonstrating acts of omission that amount to LVMPD's official policy. And, Plaintiff fails to allege that any individual who supposedly committed a constitutional tort was an official with final policy-making authority or that such official ratified a subordinate's unconstitutional decision or action. In sum, Plaintiff fails to allege factual support for his *Monell* claim against the LVMPD. Based on the foregoing, the Court recommends Plaintiff's False Reporting claims, including the *Monell* claims against the LVMPD, be dismissed without prejudice, but with leave to amend.

E. Fourteenth Amendment

i. *Due Process – criminal charges based on false evidence and a claim against LVMPD*

Plaintiff alleges claims against an unnamed Assistant District Attorney and the LVMPD for violation of his Fourteenth Amendment Due Process rights. ECF No. 1-1 at 5. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. XIV § 1.

Although it is not truly clear what basis Plaintiff asserts to support his Fourteenth Amendment Due Process claim, it appears that the crux of Plaintiff's claim is the alleged "false reports" of "resisting" arrest. ECF No. 1-1 at 5. "[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc).

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty. To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a

likely result of the conduct in question." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted).

First, to the extent Plaintiff alleges his due process claims against the unnamed Assistant District Attorney these claims fail as a matter of law. District Attorneys and their assistants are absolutely immune from suit under 42 U.S.C. § 1983 where the claims are related to conduct that is "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citation omitted). The decision to charge Plaintiff with a crime is "[a] prosecutorial decision[] intimately associated with the judicial phase of the criminal process." *Ismail v. Cty. of Orange*, 676 Fed.Appx. 690, 691 (9th Cir. 2017). Accordingly, the Court recommends dismissing Plaintiff's claims against anyone in the Clark County District Attorney's office with prejudice.

Second, as was true with his false reporting claim, Plaintiff's due process claim against LVMPD fails to identify a custom, practice, or policy that violated his Fourteenth Amendment rights. Thus, this claim is dismissed without prejudice, but with leave to amend.

     *ii.*   *Due process – Denied Medical Care*

Plaintiff claims that he was refused medical care "at the behest of LVMPD" while incarcerated. ECF No. 1-1 at 4. Pretrial detainees who have not been convicted of a crime have a Fourteenth Amendment due process right to adequate medical care. *Sandoval v. Cnty. Of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021). In order to state a claim, Plaintiff must show: "(1) [t]he defendant made an intentional [medical treatment] decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries." *Id.* At 669 (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018)). "To satisfy the third element, the plaintiff must show that the defendant's actions were objectively unreasonable, which requires a showing of more than

1  negligence but less than subject intent—something akin to reckless disregard." *Id.* (internal
2  quotations omitted).

3        Here, Plaintiff's allegations fail to demonstrate he was confined in conditions that put him at
4  a substantial risk of suffering serious harm or that he sustained any injuries as a result of the
5  conditions of his confinement. ECF No. 1-1 at 4. In fact, the only allegation raised is that Plaintiff
6  attempted to show his injuries to a nurse to obtain medical care, and the care was not received at the
7  direction of LVMPD. This single allegation does not establish Plaintiff was put at substantial risk
8  of suffering serious harm or that there was a need to abate that risk. Plaintiff also does not allege
9  that as a result of not receiving medical care he suffered injury. And, Plaintiff fails to establish
10 liability under *Monell* as there are no facts alleging LVMPD had a custom, practice, or policy
11 regarding denial of medical care to pre-conviction detainees. In sum, Plaintiff fails to state a
12 Fourteenth Amendment denial of medical care claim and, for that reason, the Court dismisses this
13 claim without prejudice and with leave to amend.

14           *iii.*    *Equal Protection*

15       Plaintiff alleges a violation of his Fourteenth Amendment Equal Protection rights stating
16 LVMPD officers used excessive force during his arrest because he was black. ECF No. 1-1 at 5.
17 The Court construes this claim as attempting to state a racial profiling claim. "Racial profiling can
18 constitute deprivation of a citizen's right to equal protection under the law." *Morrow v. Clark Cnty.*
19 *Sch. Dist. Police Dep't*, Case No. 2:20-CV-02264-JAD-EJY, 2021 WL 4891072, at *3 (D. Nev. Oct.
20 18, 2021), *report and recommendation adopted*, Case No. 2:20-CV-2264-JAD-EJY, 2021 WL
21 5122310 (D. Nev. Nov. 3, 2021) (quoting *James v. City of Seattle*, Case No. C10-1612JLR, 2011
22 WL 6150567, at *13 (W.D. Wash. Dec. 12, 2011)). To state a claim for racial profiling under the
23 Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose
24 to discriminate against the plaintiff based on membership in a protected class." *Thornton v. City of*
25 *St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (citation and quotations omitted). While Plaintiff
26 identifies his protected class, contending the excessive force used during his arrest was prompted by
27 the fact that he is black, *Washington v. Davis*, 426 U.S. 229, 239-40 (1976), his allegations are
28 otherwise conclusory. Plaintiff offers no facts in addition to the assertion that it was his race that

1  lead to use of excessive force. Plaintiff's threadbare allegation does not suffice to state a claim.
2  *Iqbal*, 556 U.S. at 678. The foregoing leads the Court to dismiss Plaintiff's Equal Protection Claim
3  without prejudice, but with leave to amend.

4              iv.    "Cover up" Claims

5       Plaintiff asserts claims against the Clark County Council and then-Sheriff Lombardo alleging
6  "cover-up measures to ensure" then-Sheriff Lombardo's election as governor (ECF No. 1-1 at 6).
7  The Court finds this single, albeit repeated, allegation fails to identify the constitutional provision or
8  federal law violated causing Plaintiff harm. Indeed, Plaintiff does not establish how he was
9  personally harmed by the supposed cover up; thus, failing to establish standing. *M.S. v. Brown*, 902
10 F.3d 1076, 1082 (9th Cir. 2018) ("To establish standing, a plaintiff must demonstrate a personal
11 stake in the outcome of the controversy"). Moreover, the Court finds this allegation so factually
12 fantastic and frivolousness as to rise to the level of the irrational and wholly incredible. Therefore,
13 the Court recommends dismissing Plaintiff's claim based on a cover-up with prejudice. *Denton v.*
14 *Hernandez*, 504 U.S. 25, 33 (1992).

15             v.     Double Jeopardy

16      Plaintiff asserts a Double Jeopardy claim against the LVMPD and an unnamed Assistant
17 District Attorney. The Fifth Amendment, which protects against double jeopardy, is applicable to
18 the states through the Fourteenth Amendment. *Donkor v. California*, Case No. EDCV 15-01712-
19 GW (DTB), 2016 WL 8738174, at *9 (C.D. Cal. Sept. 21, 2016), *report and recommendation*
20 *adopted*, Case No. EDCV 15-01712-GW (DTB), 2017 WL 1396022 (C.D. Cal. Apr. 14, 2017), *aff'd*,
21 710 Fed.Appx. 317 (9th Cir. 2018). The Supreme Court has "recognized that the Double Jeopardy
22 Clause consists of several protections: it protects against a second prosecution for the same offense
23 after acquittal. It protects against a second prosecution for the same offense after conviction. And
24 it protects against multiple punishments for the same offense." *Alfred v. Gillespie*, Case No. 2:13-
25 CV-00519-JCM, 2013 WL 2096452, at *4 (D. Nev. Apr. 18, 2013), *report and recommendation*
26 *adopted*, Case No. 2:13-CV-519 JCM VCF, 2013 WL 2096431 (D. Nev. May 14, 2013) (quoting
27 *Schiro v. Farley*, 510 U.S. 222, 229 (1994)). Although Plaintiff alleges that he was arrested and
28

charged multiple times for "resisting," he does not allege that he was ever put on trial, convicted, or acquitted of the same crime twice. Thus, Plaintiff fails to state a Double Jeopardy claim.

Further, even if Plaintiff is able to replead this claim against an appropriate defendant, his claim against the unnamed Assistant District Attorney fails because the Assistant District Attorney is immune from suit. *See supra* at 10. To the extent Plaintiff asserts this claim against the LVMPD, Plaintiff fails to allege facts establishing the elements of a *Monell* claim. *See supra* at 8.

Based on the foregoing, the Court dismisses without prejudice Plaintiff's Double Jeopardy claim to the extent he can assert facts against an appropriate defendant to state a claim. The Court dismisses Plaintiff's double jeopardy claim against the unnamed Assistant District Attorney with prejudice.

### F. Malicious Prosecution

Plaintiff alleges a malicious prosecution claim against the LVMPD and an unnamed Assistant District Attorney. ECF No. 1-1 at 5. To bring a malicious prosecution claim under § 1983, a plaintiff must allege the elements of a state law claim *plus* one additional element—the defendants prosecuted the plaintiff with the intent to deprive him of a constitutional right. *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012). To state a colorable claim for malicious prosecution under Nevada law, a plaintiff must allege: (1) lack of probable cause to initiate a prior criminal proceeding; (2) malice; (3) favorable termination of the criminal proceeding; and (4) damages. *LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002). "Malice means an evil intent, wish or design to vex, annoy or injure another person." Nevada Jury Instructions—Civil, Inst. 6.8 Malicious Prosecution (2018 ed.). The existence of probable cause is determined by looking at the facts known to a law enforcement officer at the time of the arrest. *Turner v. County of Washoe*, 759 F.Supp. 630, 634 (D. Nev. 1991).

Here, Plaintiff offers no facts beyond bald assertions to show that the "resisting" arrest charge brought against him lacked probable cause or was brought with malice. Plaintiff's conclusory allegations fail to state a valid claim for malicious prosecution. For the reasons stated above, Plaintiff's malicious prosecution claim (1) against the unnamed Assistant District Attorney fails because he is immune from suit, and (2) against the LVMPD fails because Plaintiff does not plead

facts supporting liability under *Monell*. The Court therefore dismisses Plaintiff's malicious prosecution claim against the LVMPD without prejudice and with leave to amend. The Court recommends Plaintiff's malicious prosecution claim against the Assistant District Attorney be dismissed with prejudice.

**III.    Order**

Accordingly, IT IS THEREFORE ORDERED that Plaintiff's First Amendment freedom of speech and retaliatory arrest claims are DISMISSED without prejudice, with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment claims for excessive force, false arrest, and false reporting are DISMISSED without prejudice, with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's Fourteenth Amendment due process, double jeopardy, and equal protection claims against the LVMPD and/or its officers are DISMISSED without prejudice, with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's malicious prosecution claim against the LVMPD and/or its officers is DISMISSED without prejudice, with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, he must do so no later than **April 1, 2024**. The complaint **must** be labeled "FIRST AMENDED COMPLAINT" and **must** include all facts and claims on which Plaintiff seeks to proceed even if the same claim is in the current complaint because a newly filed first amended complaint will replace the current Complaint in its entirety. The proposed first amended complaint must be complete in and of itself as nothing in the original Complaint will be considered by the Court.

IT IS FURTHER ORDERED that if Plaintiff does not file a first amended complaint on or before **April 1, 2024**, the Court will recommend this case be dismissed.

**IV.    Recommendation**

Accordingly, IT IS THEREFORE RECOMMENDED that all official capacity claims against Defendants be DISMISSED with prejudice as amendment would be futile.

IT IS FURTHER RECOMMENDED that Plaintiff's Eighth and Fourteenth Amendment claims for excessive force be DISMISSED with prejudice as amendment would be futile.

   IT IS FURTHER RECOMMENDED that all claims against the unnamed Assistant District Attorney be DISMISSED with prejudice as amendment would be futile.

   IT IS FURTHER RECOMMEDED that the claims based on the alleged "cover-up" against Clark County City Council and Sheriff Lombardo be DISMISSED with prejudice as amendment would be futile.

   DATED this 26th day of February, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

   Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).