UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| William Coney, <br><br> Plaintiff <br><br> v. <br><br> Officer Michael Lozo, et al., <br><br> Defendants | Case No. 2:23-cv-01645-CDS-EJY <br><br> **Order Overruling Objections and Adopting the Magistrate Judge's Report and Recommendation** <br><br> [ECF Nos. 9, 18] |

Plaintiff William Coney brings this civil rights action against Las Vegas Metropolitan Police Department officers Michael Lozo and A. Mariscal, Governor Joseph Lombardo, and the Clark County Council. Complaint, ECF No. 1-1. Because Coney applies to proceed *in forma pauperis*, Magistrate Judge Elayna J. Youchah issued an Order and Report and Recommendation (R&R) screening Coney's complaint. Order and R&R, ECF No. 9. Coney's claims include: First Amendment freedom of speech and retaliatory arrest violations; Fourth Amendment excessive force, false arrest, and false reporting violations; Eighth Amendment excessive force violations; Fourteenth Amendment excessive force, due process, and double jeopardy violations; Fourteenth Amendment equal protection under law violations; and malicious prosecution. Complaint, ECF No. 1-1 at 2–6.

Judge Youchah dismissed Coney's First Amendment freedom of speech and retaliatory arrest claims; Fourth Amendment claims for excessive force, false arrest, and false reporting; Fourteenth Amendment due process, double jeopardy, and equal protection claims against Lozo and Mariscal; and his malicious prosecution claim against Lozo and Mariscal without prejudice and with leave to amend. R&R, ECF No. 9. Judge Youchah recommends that I dismiss all remaining claims with prejudice as amendment would be futile. *Id.*

Coney raises 13 specific objections to the R&R. ECF No. 18. I have reviewed the R&R in its entirety; and I find that the portions that Coney objected to are correctly analyzed and the correct disposition is recommended. Accordingly, I overrule Coney's objections and adopt the R&R in full.

I.      **Legal standard**

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). "When a specific objection is made to a portion of a magistrate judge's report [and] recommendation, the court subjects that portion . . . to a de novo review." *Kenniston v. McDonald*, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (quoting Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C) (cleaned up)). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Id.* (citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

II.     Discussion

      A.  Objections to U.S.C. § 1915(d) and Rule 12(b)(6).

Coney's first two objections reject the R&R's reference to "fanciful factual allegations" (used to describe screening the complaint under the 28 U.S.C. § 1915(d) frivolousness standard) and the use of Fed. R. Civ. P. 12(b)(6). ECF No. 18 at 1–2. Coney does not cite to any legal authority or case law to support his objections. Instead, he merely submits that he has provided "a purely fact-based synopsis" and "facts and evidence which will be presented. . . to support [his] claim." *Id.* at 2.

28 U.S.C. § 1915(d) allows dismissal where claims lack an arguable basis in either law or fact. And Fed. R. Civ. P. 12(b)(6) allows the dismissal of a complaint for failure to state a claim upon which relief can be granted. Both are strictly standards of review the court applies when reviewing the adequacy of a complaint. Because Coney applied to proceed *in forma pauperis*, his complaint is subject to review under these standards. *See* 28 U.S.C. § 1915(e)(2).

The two standards (U.S.C. § 1915(d) and Rule 12(b)(6)) were devised to serve distinctive goals and have separate functions. The Supreme Court held that:

> under Rule 12(b)(6)'s failure-to-state-a-claim standard—which is designed to streamline litigation by dispensing with needless discovery and factfinding— a court may dismiss a claim based on a dispositive issue of law without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one, whereas under § 1915(d)'s frivolousness standard—which is intended to discourage baseless lawsuits—dismissal is proper only if the legal theory or the factual contentions lack an arguable basis.

*Neitzke v. Williams*, 490 U.S. 319 (1989). Judge Youchah found both standard applicable in screening Coney's complaint. *See* R&R at 2–3. I agree that they are applicable here. Therefore, these objections are overruled.

### B. Objection to Judge Youchah's lack of liberal construction of his claims.

Coney's third objection is essentially that the R&R should have construed his complaint more liberally in a light that is more favorable to him. ECF No. 18 at 2. Specifically, Coney argues that his claims are "being misconstrued as being untrue and are therefore not being construed in a light most favorable[.]" *Id.* Coney is correct in that pro se pleadings must be liberally construed. *See Balistreri v. Pacifica* Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). However, pro se plaintiffs must still meet basic pleading requirements. *See Morgensen v. Downey S&L Ass'n*, 2016 U.S. Dist. Lexis 7351, at *1 (N.D. Cal. Jan. 20, 2016)("Plaintiff's pro se status, however, does not mean that he is excused from the requisite pleadings standards, and he must still allege sufficient facts to state a plausible claim for relief."). I find that Judge Youchah did liberally construe Coney's claims, albeit not to the extent Coney sought fit.

If what Coney means to suggest, is that Judge Youchah should have more liberally construed his arguments so they could survive screening, Coney's argument fails. Courts are not required to conjure allegations on behalf of pro se filers. *See Makale Deng Kual-Arob v. Ryan*, 2017 U.S. Dist. LEXIS 135143, at *19 (D. Ariz., Sept. 22, 2017)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Therefore, Coney's third objection is overruled.

### C. Objections to dismissal of "cover-up" claims.

Judge Youchah recommends that the claims based on the alleged "cover-up" against Clark County Council and Sheriff Lombardo be dismissed with prejudice because Coney does not establish how he was harmed by the "cover-up measures to ensure" then-Sheriff Lombardo's election as governor. R&R, ECF No. 9 at 12. Judge. Coney's fourth objection argues that then-Sheriff Joe Lombardo engaged in a cover-up of the video evidence of the police brutality that Coney allegedly suffered. ECF No. 18 at 3 ("then-Sheriff Joe Lombardo [has] reviewed the videos and [has] made every attempt to obscure the facts with lies, false reports and gross omissions.")

4

Coney's fifth objection argues that news outlets "squelched the story to prevent negative publicity during the then Sheriff's political run for Governor." *Id.* Coney's eighth objection maintains that defendants "attempt to cover-up for their cohort's misconduct and malfeasance." *Id.* at 5. In his ninth objection, Coney contends that LVMPD and police are "known for engaging in a steady pattern of cover-ups to protect corrupt officers." *Id.* at 5. However, Coney's conclusory statements of a conspiracy are insufficient to support such a contention, and these objections merely attempt to relitigate the same arguments considered and rejected in the R&R. ECF No. 18 at 2–3, 5, 7–8. Where objections, like these, that "merely repeat[ ] the same arguments … considered and found to be insufficient" are made, no review is required since the objection "do[es] not meaningfully dispute the magistrate judge's findings and recommendations." *Trejo Perez v. Madden*, 2020 WL 1154807, at *1 (E.D. Cal. Mar. 10, 2020). Thus, I decline to consider and overrule Coney's objections. Because Coney has not alleged facts showing that the Clark County Council and Lombardo participated in a cover-up, I agree with Judge Youchah's recommendation and dismiss Clark County Council and Lombardo from this action with prejudice.

### D. Objection to the dismissal of Eighth and Fourteenth Amendment excessive force claims.

Coney alleges that LVMPD officers violated his Fourth, Eighth, and Fourteenth Amendment rights when they used excessive force during his arrest. Compl., ECF No 1-1 at 3. Judge Youchah recommends that I dismiss the Eighth and Fourteenth Amendment excessive force claims with prejudice because courts analyze excessive force claims under the Fourth Amendment, not the Eighth or Fourteenth Amendment. R&R, ECF No. 9 at 5. I agree.

The Eighth Amendment is incompatible to the facts of this case as the amendment only applies to convicted prisoners. *Kingsley v. Hendrickson*, 576 U.S. 389, 400–401 (2015). The due process clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive physical force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989).

Coney was not a pretrial detainee nor a convicted prisoner at the time of the incident thus Judge Youchah properly analyzed Coney's claims under the Fourth Amendment. ECF No. 9 at 5–7. Coney's objection enumerated at number six "concurs in that the [Fourth] Amendment is the appropriate citing to cover 'use of excessive force' by LVMPD officers." ECF No. 18 at 3. Accordingly, Coney's Eighth and Fourteenth Amendment excessive force claims are dismissed with prejudice.

### E. Objection to dismissal of the official capacity claims.

Judge Youchah recommends that all official capacity claims against the defendants be dismissed with prejudice as a matter of law under the Eleventh Amendment. R&R, ECF No. 9 at 14. I agree.

Based on sovereign-immunity principles, the Eleventh Amendment dictates that a state official cannot be sued in his official capacity for money damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Leer v. Murphy*, 844 F.2d 628, 631–32 (9th Cir. 1988) (Eleventh Amendment bars official-capacity actions for damages). Therefore, Judge Youchah properly identifies that federal law does not permit state officers to be sued in their official capacity for monetary damages for past harms, which is what Coney attempts to do here. While Coney's objections are largely conclusory, he acknowledges with specificity that "it would be a logical deduction, based on the information provided, to conclude that Plaintiff's claims are against defendant class (officers) in their personal capacity." ECF No. 18 at 4. Therefore, I dismiss the claims against defendants in their official capacities with prejudice as amendment would be futile.

### F. Objection to the *Monell* standard of review.

In Coney's tenth objection, he addresses Judge Youchah's application of *Monell* in recommending that Coney's *Monell* claims against LVMPD be dismissed without prejudice (R&R, ECF No. 9 at 9). ECF No. 18 at 5. Coney contends that it is "reasonable for the court to

6

1  rationalize that only the parties involved and their immediate supervisors would be complicit."
2  which is "indicative or a [policy], custom, or practice. . ." *Id.* But this is insufficient to
3  demonstrate Judge Youchah's order was clearly erroneous or contrary to the law.
4      Under *Monell*, a plaintiff must allege that officials carried out an official policy or
5  unofficial custom that inflicted the injury at issue. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S.
6  658, 694 (1978). While the existence of a custom or unofficial policy is a question of fact, "it is
7  not a fact that can be baldly asserted at the pleading stage." *Office of the Pub. Guardian v. Elliot Hosp.*,
8  626 F. Supp. 3d 520, (D.N.H. 2022) (citing *Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1212–
9  13 (D.N.M. 2015)). In other words, it is not sufficient for a plaintiff to merely allege that
10 government officials harmed him, and then conclusory allege that the officials acted pursuant to
11 an unofficial policy or custom without identifying that policy or custom as Coney did here. *See*
12 *Page v. Mancuso*, 999 F. Supp. 2d 269, 284 (D.D.C. 2013). Further, while Coney cites to case law,
13 he fails to provide any analysis or argument as to how the holdings in those cases apply here,
14 much less how those cases demonstrate that the R&R was clearly erroneous or contrary to the
15 law. For this reason, Coney's objection is overruled. I affirm Judge Youchah's dismissal of
16 Coney's *Monell* claims against the LVMPD.

**G.  Objection to denial of medical care claim.**

Coney's eleventh objection is to Judge Youchah's recommendation to dismiss Fourteenth Amendment denial of medical care claim without prejudice because "there is video of this incident" and "the nurse is seen making every effort to avoid his responsibility to address Plaintiff's urgent medical concerns." ECF No. 18 at 6. Without more, I find that Coney's vague assertion does not amount to a specific, proper objection for purposes of *de novo* review. *See* Fed. R. Civ. P. 72(b). Because Coney fails to object with specificity as required by Rule 72, I am permitted to overrule the objection without further analysis, which I do here.

### H. Objections twelve and thirteen.

Coney's remaining objections are improper arguments. ECF No. 18 at 6. "While the Ninth Circuit has not yet considered the effect of generalized, blanket, or conclusory objections, several other circuits have such objections do not trigger de novo review." *Rew v. Borders*, 2019 U.S. Dist. LEXIS 98110, at *2–3 (S.D. Cal. June 10, 2019) (collecting cases). Coney's objections are nothing but bare assertions, devoid of any factual or legal support or citation and thus do not require *de novo* review. Accordingly, Coney's objections enumerated as twelve and thirteen are overruled.

### I. I adopt the R&R's finding to dismiss all claims against the unnamed Assistant District Attorney.

Coney does not lodge any objection to Judge Youchah's recommendation to dismiss all claims against the unnamed assistant district attorney. R&R, ECF No. 9 at 15. Although I do not have to review that portion of Judge Youchah's recommendation as there is no objection, I note that any action taken by the unnamed assistant district attorney arose from their actions in an official role as an advocate for the state. And "[s]tate prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity." *Bailey v. Clark Cnty. Dist. Attorney's Office*, 2010 WL 3724250, *2 (D. Nev. Sept. 16, 2010) (collecting cases). Therefore, I dismiss all claims against the unnamed assistant district attorney with prejudice.

In sum, I find that the reasoning in the R&R is neither clearly erroneous nor contrary to the law, so I overrule Coney's objections, and adopt Judge Youchah's recommendations. I sua sponte extend the time for Coney to file an amended complaint. **If Coney chooses to file an amended complaint that complies with Judge Youchah's order, he must do so no later than June 10, 2024.** Failure to do so will result in dismissal of this case. Coney is reminded that the amended complaint must be labeled "FIRST AMENDED COMPLAINT" and must include all facts and claims on which he seeks to proceed even if the same claim is in the current complaint because a newly filed first amended complaint will replace the current complaint in its entirety.

The proposed first amended complaint must be complete in and of itself as nothing in the original complaint will be considered by the Court.

III.   **Conclusion**

IT IS THEREFORE ORDERED that Coney's objection **[ECF No. 18] is OVERRULED**, and the magistrate judge's report and recommendation **[ECF No. 9] is ADOPTED** in its entirety:

1. Coney's claims against defendants in their official capacity are dismissed with prejudice;
2. Coney's Eighth and Fourteenth Amendment claims for excessive force are dismissed with prejudice;
3. Coney's claims against the unnamed Assistant District Attorney are dismissed with prejudice; and
4. Coney's claims based on the alleged "cover-up" against Clark County City Council and Joseph Lombardo are dismissed with prejudice.

Dated: May 20, 2024

_____
Cristina D. Silva
United States District Judge